IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| MICHAEL TOLBERT, #–03507, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  06-527 |
| ) | |
| D. CLARKS, JOHN EVANS and ) | |
| SHERRY HILE, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### WITH SUPPORTING BRIEF

NOW COME Defendants, JOHN EVANS and SHERRY BENTON[1], by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit Defendants' Motion for Summary Judgment with Supporting Brief.  In support thereof, Defendants state as follows:

### INTRODUCTION

Plaintiff, Michael Tolbert, is an inmate who at all relevant times to this cause of action was incarcerated at Pinckneyville Correctional Center.  Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 seeking damages for actions taken against him by the Defendants in violation of his constitutional rights.  Pursuant to the Court's August 7, 2007, Order, the only claim against Defendants Evans and Benton is that they violated the Eighth Amendment when they denied Plaintiff's grievances and failed to provide him with a remedy to his complaints regarding his failure to receive hygiene items.  Defendants are entitled to  summary judgment.

---

[1] Defendant originally sued as Sherry Hile, is now known as Sherry Benton, and is identified throughout this Motion as Sherry Benton.

## STANDARD OF REVIEW

**A. Standard for Summary Judgment.**

Summary judgment is proper if the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Only disputes over facts that might affect the outcome of the suit, under the governing law, will properly preclude the entry of summary judgment.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  In making this determination, the court is to draw inferences from the record in the light most favorable to the non-moving party.  The court is not required, however, to draw every conceivable inference; rather, it may draw only those that are reasonable.  DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 333 (7th Cir. 1986).

The Seventh Circuit clarified the standard further in Collins v. Associated Pathologists, Ltd., 844 F.2d 473 (7th Cir. 1988), *cert. denied*, 488 U.S. 852 (1988):

> The existence of a triable issue is no longer sufficient to survive a motion for summary judgment . . . the test for summary judgment is whether sufficient evidence exists in the pre-trial record to allow the non-moving party to survive a motion for directed verdict.

Id. at 476.

The United States Supreme Court in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), established that a party moving for summary judgment can prevail simply by showing that the other party has no evidence on an issue which the party has the burden of proof. Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1183 (7th Cir. 1993).  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine" issue for trial.  Mechnig v. Sears Roebuck & Co., 864 F.2d

1359 (7th Cir. 1988). The plaintiff must come forward with evidence that would reasonably permit the finder of fact to find in plaintiff's favor on a material question; otherwise, the court must enter summary judgment against the plaintiff. <u>Waldridge v. American Hoechst Corp.</u>, 24 F.3d 918, 920 (7th Cir. 1994); <u>International Union of Operating Engineers v. Associated General Contractors</u>, 845 F.2d 704, 708 (7th Cir. 1988).

**ARGUMENT**

**I.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS THE RECORD DEMONSTRATES THAT DEFENDANTS EVANS AND HILE DID NOT IMPROPERLY DENY PLAINTIFF ACCESS TO HYGIENE ITEMS.**

Defendants are entitled to summary judgment because the record demonstrates that Defendants Evans and Benton did not improperly deny Plaintiff access to hygiene items. After being transferred into Pinckneyville Correctional Center, all inmates receive a clothing bag, which includes three shirts, three pants, three pairs of underwear, three pairs of socks, a mattress cover, one lined coat, one stocking hat, boots, shoes, two towels, two washcloths, one pillowcase, two sheets, two blankets, three razors, and hygiene items. (Defendants' Exhibit A, Affidavit of Patricia Rensing). After the initial supply, inmates are required to purchase the hygiene items from the commissary. (Defendants' Exhibit B, Affidavit of Lynn Brand). If an inmate is declared indigent, the hygiene items are given to the inmate during each month that he is declared indigent. (Defendants' Exhibit B). Upon his arrival at Pinckneyville, Plaintiff received the standard clothing bag provided to all inmates. (Defendants' Exhibit A). Moreover, as the Plaintiff never met the criteria necessary to be declared indigent, Plaintiff was required to buy any additional hygiene items from the commissary. (Defendants' Exhibit B).

Plaintiff filed two grievances, dated July 28, 2004 and August 13, 2004, about not receiving a free toothbrush and toothpaste. (Exhibit D and E attached to Court Document 1-2). The grievance officers recommended that the Plaintiff's grievances be denied because he was not on the indigent list and was required to purchase his hygiene materials from the commissary. (Exhibit H and I attached to Court Document 1-2). Based upon that recommendation, Defendant Evans concurred in the denial of Plaintiff's grievances. (Exhibit H and I attached to Court Document 1-2). Subsequently, Defendant Benton denied the Plaintiff's appeal to the Administrative Review Board. (Exhibit J attached to Court Document 1-2).

Plaintiff is not claiming that he was, in fact declared indigent and denied hygiene materials. Rather, at most, Plaintiff claims that he should have been declared indigent, but was not. However, the Defendants were not the individuals who handled the placement of inmates on the indigent list. By Plaintiff's own admission, the Defendants simply denied his grievances regarding the provision of free hygiene materials. (Defendants' Exhibit C, Plaintiff's Deposition). Because the record establishes that Plaintiff's grievances were denied because he was not on the indigent list, the decisions made by Defendants Evans and Benton, to deny the grievances regarding these issues, was proper and did not violate Plaintiff's constitutional rights. Given the above stated facts, Defendants are entitled to summary judgment.

    **II.    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY IN THIS CAUSE OF ACTION.**

Under Section 1983, a Defendant is entitled to qualified immunity from money damages for his discretionary actions if his conduct does not violate any clearly-established constitutional rights. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815, 102 S. Ct. 2727, 2737

(1982). The test is purely legal, without regard to the subjective motivations of the defendant. Harlow, 457 U.S. at 818-19, 102 S. Ct. at 2738; Mitchell v. Forsyth, 472 U.S. 511, 105 S. Ct. 2806 (1985); Davis v. Scherer, 468 U.S. 183, 191, 104 S. Ct. 3012, 3017 (1984). Officials do not lose the immunity merely because they violate some statutory or administrative provisions of state law. Davis 468 U.S. at 194, 104 S. Ct. at 3018-3019.

In order for a plaintiff to defeat a qualified immunity claim, he must prove that defendants have violated a constitutional right that was clearly established at the time of the alleged misconduct. McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995). The burden of establishing the existence of such a clearly established constitutional right is on plaintiff. McGrath, 44 F.3d at 570 *citing* Rakovich v. Wade, 850 F.2d 1180, 1209 (7th Cir. 1988). He must point out a closely analogous case that establishes that he had a right to be free from the specific conduct alleged to violate the general constitutional right at issue. Rice v. Burks, 999 F.2d 1172, 1174 (7th Cir. 1993). Plaintiff must also establish that the alleged violated rights were so clear that a reasonable official would understand that what he is doing at the time violates the right. McGrath, 44 F.3d at 570; *See also* Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987).

Here, the Defendants denied the Plaintiff's grievances based upon the findings of others. They were not responsible for the decision as to whether the Plaintiff was declared indigent. As the Plaintiff's grievances were simply requesting free hygiene materials and not challenging the decision to place him on the indigent list, the Defendants had no reason to question that decision. As such, in the absence of case law that would put the Defendants on notice that their actions were improper or that additional actions or measures were required, the Defendants are entitled to qualified immunity.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court grant Defendants' Motion for Summary Judgment, and any further relief the Court deems necessary and proper.

          Respectfully submitted,

          SHERRY BENTON and JOHN EVANS,

              Defendants,

          LISA MADIGAN, Attorney General,
          State of Illinois,

              Attorney for Defendants,

By    s/ Jason P. Young
       Jason P. Young, #6279522
       Assistant Attorney General
       500 South Second Street
       Springfield, IL  62706
       Telephone:  (217) 782-9056
       Facsimile:  (217) 782-8767
       E-Mail:  jyoung@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| MICHAEL TOLBERT, #N-03507, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.  06-527 |
| | ) |
| D. CLARKS, JOHN EVANS and | ) |
| SHERRY HILE, | ) |
| | ) |
| Defendants. | ) |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 3, 2008, I electronically filed Defendants' Motion for Summary Judgment with Supporting Brief, with the Clerk of Court using the CM/ECF system, which will send notification of same to:

> David Walter
> dwalter@hrva.com

and I hereby certify that on the same date, I mailed by United States Postal Service, the described document to the following non-registered participant:

Michael Tolbert, #N-03507
Menard Correctional Center
711 Kaskaskia Street
P. O. Box 711
Menard, IL   62259

        Respectfully submitted,

        s/ Jason P. Young
        Jason P. Young, #6279522
        Assistant Attorney General
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 782-9056
        Facsimile:  (217) 782-8767
        jyoung@atg.state.il.us