# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL TOLBERT, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| vs. | ) Civil Case No. 06-527-JPG-PMF |
| D. CLARKS, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment (Doc. Nos. 31, 33). Plaintiff is an inmate at Menard Correctional Center. He filed this § 1983 claim challenging the conditions of his former confinement at Pinckneyville Correctional Center between July and September, 2004. Plaintiff alleges that he had a serious dental health need for oral hygiene supplies and that defendants Darlene Clark, John Evans, and Sherry Hile[1] responded with deliberate indifference by failing to provide a toothbrush and toothpaste free of charge. He seeks compensatory and punitive damages.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The fact presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable

---

[1] Defendant Sherry Hile has changed her name. To avoid confusion, she is identified as Sherry Hile in this report.

inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

Plaintiff arrived at Pinckneyville Correctional Center in October, 2003. He received a standard clothing bag for incoming inmates, which included limited dental hygiene supplies. Additional dental hygiene supplies (toothbrush, toothpaste, dental floss) were available for purchase through the prison commissary. Although plaintiff had a modest income, the sums deposited into his prison trust fund account did not outpace his debts and litigation expenses. He did not achieve a positive balance in his trust fund. He attempted to obtain additional oral hygiene supplies free of charge, without success.[2]

After plaintiff used his initial supply of dental hygiene items, his oral hygiene began to deteriorate. He experienced symptoms of pain, swelling, and bleeding in his gums. He submitted a request to see a dentist.

On July 28, 2004, plaintiff's dental condition was evaluated by defendant Dr. Darlene Clark, a licensed dentist. Dr. Clark heard plaintiff describe pain, swelling, and bleeding in his gums and inspected his teeth and gums. She did not observe any active bleeding. She formed the impression that plaintiff had recently attempted to clean his teeth in some manner. She also observed calculus

---

[2] When inmates are deemed indigent, the prison distributes free hygiene supplies one time per month. During plaintiff's confinement at Pinckneyville Correctional Center, he did not satisfy the criteria for indigent status.

and a small accumulation of plaque on plaintiff's teeth. She determined that he had poor oral hygiene habits but did not have periodontitis (gum disease). Dr. Clark decided that plaintiff's condition should be treated with a professional cleaning and ordered a "priority" appointment with a dental hygienist. The "priority" designation advanced plaintiff on the dental hygienist's regular cleaning schedule by many months. Dr. Clark did not prescribe pain relief medication.

Dr. Clark was employed by Wexford Health Sources. Because standard toothbrushes present security concerns in a prison setting, Wexford Health Sources did not provide Dr. Clark with a supply of toothbrushes for distribution to her inmate patients. She did not agree to assist plaintiff in his quest for free oral hygiene supplies. Dr. Clark formed the opinion that plaintiff did not require additional dental treatment.

After his visit with Dr. Clark, plaintiff prepared a grievance, seeking a toothbrush and toothpaste. In responding to the grievance, plaintiff's counselor noted that plaintiff had been scheduled for a priority cleaning and that oral hygiene supplies are not provided at the dental clinic but must be purchased from the commissary. It was further noted that plaintiff's name did not appear on the indigent list.

On August 13, 2004, plaintiff prepared another grievance, seeking toothpaste and a toothbrush and disciplinary action against Dr. Clark. Plaintiff reported that he his gums were swollen, painful, and bleeding. He said he had seen a dentist who found tarter and plaque build-up and gingivitis. The dentist advised him to brush his teeth more often and rescheduled him to have his teeth cleaned. Defendant Evans reviewed the grievance that day and decided that it would not

be handled on an emergency basis.

A grievance officer reviewed plaintiff's first grievance and recommended that the grievance be denied. Defendant Evans agreed with that conclusion on August 27, 2004.

On September 8, 2004, plaintiff's teeth were cleaned by an oral hygienist. The hygienist noted plaque and calcified deposits on plaintiff's teeth. During the cleaning process, plaintiff's gums bled.

On September 13, 2004, defendant Evans reviewed and accepted a grievance officer's recommendation that plaintiff's second grievance be denied. The grievance officer felt that staff misconduct could not be substantiated because the state had no obligation to provide cosmetic items to inmates who were not indigent.

Plaintiff appealed the denial of his second grievance. On September 24, 2004, defendant Sherry Hile recommended that plaintiff's grievance be denied because his charges of staff misconduct could not be substantiated.

## I.    Defendants Evans and Hile

These defendants seek judgment in their favor on two grounds. First, they suggest that they acted properly when they denied plaintiff's grievance request for free dental hygiene items. They explain that prison policy requires inmates to purchase additional hygiene items from the prison commissary unless they meet the criteria to be classified as indigent.

This argument is not supported by a discussion of relevant legal authority, as required by Local Rule 7.1(d). The argument is not addressed at this time.

Defendants Evans and Hile also seek a ruling in their favor on their qualified immunity

defense. They argue that they are not responsible for the conduct of those who decided that plaintiff did not meet the criteria for indigent services.

Although qualified immunity is an affirmative defense, once the defense is raised, plaintiff has the obligation to defeat it. *Mannoia v. Farrow*, 476 F.3d 453, 457 (7th Cir. 2007). The Court's assessment is two-fold. First, plaintiff must demonstrate that the conduct at issue violates a Constitutional right. Second, the right must be clearly established in light of the specific context of the case. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

In order to prevail on his Eighth Amendment claim, plaintiff must establish that: (1) his dental condition was objectively serious and (2) these defendants were subjectively aware of the dental need and disregarded an excessive risk to plaintiff's health. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005). Before these defendants may be held liable under § 1983, plaintiff must present facts showing that they were personally responsible for the Constitutional deprivation. *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006).

Viewed in plaintiff's favor, the evidence does not show that the denial of grievances regarding the dental services provided by Dr. Clark violated a Constitutional right. The information conveyed in the grievance materials suggests that these defendants knew that plaintiff had dental concerns, had been seen by a dentist, and had been scheduled to see a dental hygienist for professional cleaning on a priority basis. They also knew that plaintiff had not received free dental hygiene supplies because someone had determined that he did not meet the criteria for indigent status. Because plaintiff has not shown that these defendants knew about an objectively serious

dental condition and responded to a serious health risk with deliberate indifference, their qualified immunity defense has merit.

**II.    Defendant Clark**

Defendant Clark seeks judgment in her favor on several grounds. First, she argues that she was not personally involved in a Constitutional deprivation because she had no duty to provide plaintiff with a free toothbrush. She also argues that disagreement regarding the treatment she provided does not satisfy the deliberate indifference standard. Finally, she asserts qualified immunity as a defense.

The materials presented show that plaintiff experienced symptoms in his gums, including swelling, bleeding, and pain. Dr. Clark heard his complaints and evaluated his condition. She formed the impression that plaintiff had poor oral hygiene. She advised him to brush more often and arranged for him to receive cleaning services from a dental hygienist on a priority basis. She did not provide pain relief medication. Because she did not have dental hygiene supplies for distribution, she did not offer them to plaintiff. She did not assist plaintiff in his quest for free supplies.

Because Dr. Clark evaluated plaintiff's dental condition and made decisions regarding the scope of his dental care, the evidence permits an inference of personal involvement. However, the facts could not support a finding of deliberate indifference. On this issue, the question is whether Dr. Clark's treatment decision represents a substantial departure from accepted professional judgment, practice, or standards. *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). A reasonable jury could not conclude that Dr. Clark's conduct satisfies that standard.

### III. Conclusion

IT IS RECOMMENDED that defendants' motions for summary judgment (Doc. Nos. 31, 33) be GRANTED. Judgment should be entered in favor of defendants Evans and Hile on their qualified immunity defense. Judgment should be entered in favor of defendant Clark on the merits of plaintiff's claim.

**SUBMITTED:   October 17, 2008  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE**